Kinkead, J.
A motion is filed to the petition. The court has carefully considered the pleading, and makes the following comments and orders.
An allegation that an automobile was run “at a high, dangerous, excessive rate of speed,” is not a correct or legal averment, and should be and is ordered stricken from the pleading. It is a conclusion; the speed claimed should be alleged, and this is done.
To state that: “Without having due and proper control” of without having due and proper regard for the safety of the person and property of plaintiff” is not a correct or legal averment. *360 What was or was not done should be alleged. This allegation is therefore-ordered stricken out.
To allege that a defendant failed and neglected to keep his automobile under control would conform to legal rules of pleading. -
To aver that one did not have “due and proper control” is a conclusion. According to Webster’s International Dictionary, not to have proper control of an automobile might mean that the driver did not have suitable or appropriate correct or accurate control of the car; or it might be considered or held that proper control of an automobile was a control “conforming to usage or conventions.”
Control of a motor vehicle in conformity to usage or convention more accurately conforms to the common law conception of ordinary care, which rule it is assumed the statute embodies, and which in our opinion is all that our statute does embrace.
Proper control according to one of its synonymic meanings might also designate suitable or appropriate control, or accurate or correct control. Again it might be considered as expressive of a control “conforming to usage or convention.”
“Without having due and proper control,” and “without having due and proper regard for the safety,” etc., and at a speed “greater than was reasonable or proper,” as averred in the petition is using the words and language of the statute, Section 12603, which is expressive of statutory rules of law.
Due and proper, reasonable and proper, are not only legal conclusions, not the statement of fact, but is the statement of statutory expressions of rules of law.
The word proper is also used in the statute in respect to. improvement of roads which require a contractor to place proper barricad.es at dangerous places. In framing an instruction to the jury in such a case the writer used one of the synonymic definitions of the word “proper.” The statute in that case used the expression “necessary and proper signals, safeguards and barricades,” which should be “properly placed.”
This statute (road statute) was evidently framing a rule of *361 conduct in respect to conditions not covered by common law doctrine, and to meet special hazardous conditions. Requiring the placing of all necessary and proper signals, safeguards and barricades, and that they should be properly placed, seemed to specify requirements beyond the ordinary common law doctrines.
The word proper being used with the word necessary, it was considered that the statute evinced a purpose to enact a rule beyond the common law doctrine of ordinary care. lienee the court charged the jury that the contractor was obligated to place lights, etc.,
“As well as proper and adequate barricades, such as were reasonably calculated to avoid injury to persons traveling on the highway, and such as were reasonably and adequately deemed necessary.”
This was an instruction slightly in excess of the common law rule of ordinary care; the word adequate imposes a greater obligation than does the common law rule of ordinary care. Proper barricades means sufficient ones; barricades which are sufficient, adequate in amount or number to the need; or enough.
The circumstances and conditions which the road statute designed to cover where there might be a number of excavations and dangerous places — this statute used the word necessary and coupled with it the word proper, thus showing a purpose to require a contractor to place such barricades as were necessary and proper which imposes a greater obligation than the mere use of ordinary care.
In Di Fernando v. Bowers, 21 N. P. (N. S.), 49, this court held that Section 12603, forbidding automobiles from being run at a speed- greater than was reasonable and proper was not intended to do more than to incorporate in or express the rule that a driver of an automobile was bound to drive the same at such speed as persons of ordinary care and prudence usually and ordinarily drive the same under such circumstances.
To associate the word proper with the word reaso-naile as in Section 12603, and to provide that a driver of an automobile *362 shall not run at a speed greater than is reasonable and proper, considering the width oi the street and the traffic, etc., does no more than to require ordinary care. The word proper used with the word reasonable which may have the same meaning as ordinary care, and that the appropriate synonym in harmony with the word reasonable was intended to apply and govern, rather than a synonym requiring greater care than ordinary, as sufficient or adequate.
The petition in this case undertakes to partially use the language of the statute in respect to the handling of an automobile. This is improper; it is not the statement of fact; it states law.
The common law conception of negligence is the failure to use ordinary care. Many are inclined to substitute and use reasonable for ordinary. Reasonable and ordinary have common elements.
Reasonable speed, for example, is governed by reason; it is not excessive or immoderate, and does not exceed that which is usual or proper under the circumstances.
Ordinary speed is that commonly, usually or ordinarily used, according to established order, such as ordinarily prudent persons ordinarily observe or drive a motor vehicle — -according to an established customary habit of reasonably prudent persons.
. It was not the intent of the Legislature to do more than to incorporate in the statute the common law rule of ordinary or reasonable care. This clearly was the purpose.
The statute in the use of the word proper designed that the driver of an automobile should operate it at a reasonable and proper speed, such as was ordinarily or usually driven under similar circumstances or under like circumstances by ordinarily prudent persons, considering the width, traffic, use and the general and usual rules of the highway. The width, the traffic, use and rules of the road are part of the circumstances; therefore it is clear upon full consideration that the statute embodies the common law, as it was never proper to plead rules of law, and is not now.
It is becoming common to use the precise language of this *363 statute in alleging the negligence of the driver of an automobile. The present petition does this; this plain violation of the rule of pleading should not be permitted.
It is improper to attempt to allege negligence in the precise language of the statute; facts showing neglect should be alleged so as to disclose the negligent acts.
The only fact alleged in the petition is that defendant drove the automobile at a speed of about forty miles per hour. The following is the whole averment of the petition :•
“Plaintiff further says that the defendant carelessly, recklessly1 negligently and unlawfully operated said automobile at a high, dangerous, excessive, reckless rate of speed, to-wit: at a speed of about forty miles per hour, and without having due and proper control of the same, and without having due and proper regard for the safety and property of plaintiff and at a speed greater than was reasonable and proper, having regard for the width, .traffic, use and the general and usual rules of such highway and so as to endanger the property, life and limb of plaintiff
The parts of the foregoing allegation which are in italics are improper averments; they do not allege ultimate facts, but are mere conclusions or are allegations of the provisions of the statute hence entirely improper. The court orders all of the foregoing parts which are in italics to be stricken out.
The allegations in the second paragraph, “who, in a careful and prudent manner,” are also improper and are ordered stricken out. It is not incumbent upon plaintiff to make such an allegation.
It is alleged “that he (defendant) saw, or by the exercise of ordinary care and prudence, could have seen plaintiff and her perilous position,” etc. What did he do, does the pleader know, or is he guessing?
This is an equivocation; that is, it has a double meaning, and it is not definite and certain, therefore is improper.
This averment should be amended 'by making it definite and certain, by taking one position or another.
And her “perilous position,” as alleged, assumes — without. *364 stating the fact — that plaintiff was in a position of danger; the pleading, however, does not state the fact, and the plaintiff is ordered to reform the allegation by stating the fact claimed.
“Or by the exercise of ordinary care and prudence (he), could have seen” is an improper allegation. It is a conclusion, and is not the statement of a fact. The position of plaintiff is that defendant either saw or could have seen, etc. It should be made definite.
A proper fact is stated that the view of defendant was unobstructed; so that the position of plaintiff was obvious.
“While so carelessly, negligently, recklessly and unlawfully operating, etc., is a repetition. It is parenthetical, the sentence being complete without the underscored parenthetical words. Repetition is a vice in pleading, and the repetition of the words used being mere characterization do not state any fact.
The averment that “the aforesaid negligence of the defendant was then and there the proximate cause which produced the injuries to her” is improper and is ordered stricken out. Proximate cause is a legal term to designate the immediate legal cause where it appears that both parties were negligent; of course, it has no place in this petition, where no negligence on the part of the plaintiff appears. Then as it stands it is a mere legal conclusion.
We are led to make the observation that in this particular class of litigation there has been a good deal of guessing in the petitions filed; many such cases are being tried and it is appearing without the shadow of a doubt, that neither party nor counsel are probably aware of the precise manner of the occurrence of collisions or injury in automobile cases; they happen so quickly and the spectators or participants sometimes know little about the facts. In such event there is much speculation and guessing; hence many go awry.
We must take more pains in following and observing rules of pleading, if we wish not to descend to the vices of the old system, which are well illustrated by a pleading prepared many years ago under the old fashioned pleading in the state of West *365 Virginia. It was the only sovereignity, perhaps in the world, then following the old common law practice. There were only a few days left in which to file a declaration in the West Virginia courts for injury to a miner. It was prepared with allegations in every conceivable way in which it could be imagined Ihe injury could have been caused. That was the old way at common law, and history is repeating itself — it is quite frequently the way it is now done.